UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICARDO WILLIAM NUNN,

        Plaintiff,                    Case No. 1:16-cv-303

v.                                      Honorable Paul L. Maloney

UNKNOWN FRANDRICK et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act (PLRA), PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Powell, Christianen and Scheibner. The Court will serve the complaint against Defendants Frandrick and Jensen.

**Discussion**

I.       Factual allegations

Plaintiff Ricardo William Nunn presently is incarcerated with the Michigan Department of Corrections and housed at the Ionia Correctional Facility (ICF). He sues the following ICF officials: Sergeant (unknown) Frandrick; Prisoner Counselor (unknown) Powell; Unit-3 Officer Paul William Jensen; and Deputy Wardens J. Christianen and (unknown) Scheibner.

Plaintiff alleges that on February 11, 2016, Defendant Frandrick removed Plaintiff from ICF Unit 5 to ICF Unit 3, which, he alleges, is used as an overflow for segregation, as well as a placement area for members of Security Threat Groups (STGs) and those in mental health programs. Before the move, Plaintiff was pepper-sprayed, but he was given only two minutes in which to shower to remove the chemical agent, causing him to experience significant long-term burning pain. Frandrick and other officers in Unit 3 then placed Plaintiff in Cell 59, from which they had removed the mattress. The cell was filthy, and the toilet was broken, causing it to overflow when flushed. Plaintiff alleges that he was forced to sleep on a bare metal bed frame for 33 days. Although Plaintiff initially was given a cloth pad to put on the frame for one week, Defendant Jensen then took away the pad for the remaining days. As his reason for taking the pad, Jensen told Plaintiff that he did not deserve any sympathy. During the entire time, Plaintiff repeatedly requested cleaning supplies and asked to have his toilet fixed, but his requests were denied. Plaintiff was forced to use his own clothing items to clean up the sewage overflow. Plaintiff also has been denied access to a razor and all yard privileges. Plaintiff alleges that, as the result of the actions of Defendants Frandrick and Jensen, he has suffered significant body pain (from sleeping on the iron bed

frame) and long-term exposure to dangerous unsanitary conditions, which have caused him to experience significant suicidal ideation.

Plaintiff also alleges that he has tried to file grievances about his housing conditions, sending many kites to the grievance coordinator, in an effort to obtain Step-II grievances forms. When he did not receive the forms, he complained to Defendant Deputy Wardens Christianen and Schiebner. Plaintiff also alleges that he was placed on grievance restriction on February 11, 2016. He contends that, by ignoring his complaints and placing him on grievance restriction, Defendants Christianen and Scheibner prevented him from exhausting his administrative remedies and denied him access to the courts.

Plaintiff argues that Defendants actions amounted to deliberated indifference and intentional infliction of emotional distress, in violation of the First, Fourth Eighth and Fourteenth Amendments. He seeks declaratory relief, together with compensatory and punitive damages. He also seeks an order barring the state from recouping any damages he receives under MICH. COMP. LAWS §§ 800.400-402. He also requests that Prisoner Harris, who resides in a different unit of the prison, be appointed to represent Plaintiff in his federal action and that the prison be required to allow prisoner-to-prisoner communication between himself and Harris.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to even mention Defendant Powell in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a

defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Because he fails to allege any fact against Defendant Powell, Plaintiff's claim against Powell falls far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Court therefore will dismiss Defendant Powell from the action.

Plaintiff's sole allegation against Defendants Christianen and Scheibner is that they failed to adequately respond to his letters complaining that he had not been given Step-II grievance forms. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City*

*Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Christianen and Scheibner engaged in any active unconstitutional behavior.

In addition, even an allegation that Defendants Christianen and Scheibner interfered with Plaintiff's grievance process would fail to state a claim. Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v.*

*Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).

Moreover, even if Defendants Christianen and Scheibner improperly prevented Plaintiff from filing a grievance, Plaintiff's right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The exhaustion requirement of the PLRA only mandates exhaustion of available administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Kennedy v. Tallio*, 20 F. App'x 469, 471 (6th Cir. Sept. 26, 2001). Consequently, neither the denial of grievance forms nor Plaintiff's placement on modified access prevents him from filing claims in federal court. Plaintiff therefore fails to state an access-to-the-courts claim against Defendants Christianen and Scheibner.

Upon initial review review of the complaint, the Court concludes that Plaintiff has sufficiently alleged an Eighth Amendment claim against Defendants Frandrick and Jensen. The Court therefore will order service of the complaint on those Defendants.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Powell, Christianen and Scheibner will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Frandrick and Jensen.

An Order consistent with this Opinion will be entered.


Dated:   April 12, 216              /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge