UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO WILLIAM NUNN,
# 439447,

        Plaintiff,        Case No. 1:16-cv-303

v.        Honorable Paul L. Maloney

RONALD FRANDRICK, et al.,

        Defendants.

_____

**REPORT AND RECOMMENDATION**

This is a civil rights action brought pro se by a state prisoner under 42 U.S.C. § 1983. Plaintiff is an inmate at the Muskegon Correctional Facility. On March 24, 2016, plaintiff filed this lawsuit regarding conditions of his confinement between February 11, 2016, and March 15, 2016, at the Ionia Correctional Facility (ICF). The defendants are Sergeant Ronald Frandrick and Corrections Officer Paul Jensen. Plaintiff alleges that a mattress restriction and conditions of his segregation cell at ICF violated his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause.[1] Plaintiff sues defendants in their individual capacities and seeks declaratory relief and damages. (ECF No. 1 at PageID.2, 6).

---

[1] All other claims have been dismissed. (ECF No. 4, 5).

The matter is now before the Court on defendants' motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a). (ECF No. 32). Plaintiff opposes the motion.² (ECF No. 35). For the reasons set forth herein, I recommend that defendant's motion for summary judgment be granted and that plaintiff's claims against defendants be dismissed.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See*

---

² Plaintiff's response does not provide any evidence or developed argument in opposition to defendants' motion. In addition, his complaint is not verified (*see* ECF No. 1, PageID.6) such that it could be considered as an affidavit in opposition to defendants' motion. The affidavits from other prisoners that plaintiff attached to his pleading (ECF No. 1-1 at PageID.9-10) do not provide evidence of any facts related to the issue of whether plaintiff properly exhausted his available administrative remedies before he filed this lawsuit.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Werner*, 677 F. App'x 996. 1001 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden - the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **The Affirmative Defense of Failure to Exhaust Remedies Standards**

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the [Prisoner Litigation Reform Act (PLRA)], exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[3] The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has

---

[3] A copy of the policy directive is found in the record. *See* ECF No. 33-2, PageID.150-56.

exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions. He is currently an inmate at the Muskegon Correctional Facility. (ECF No. 38 at PageID.181). During the relevant time period between February 11, 2016, and March 15, 2016, plaintiff was an inmate at the Ionia Correctional Facility (ICF). The defendants are MDOC employees at ICF.

On February 11, 2016, Sergeant Frandrick made a request that plaintiff be subject to a mattress restriction. He identified the rationale for imposing this restriction as follows:

> On 2/11/2016 at approximately 1533 hours, I gave Prisoner Nunn (439447) cell 05-039 a loud and direct order to remove his state issued mattress from the cell door and allow staff to place him in restraints. Prisoner Nunn refused and staff utilized the breaching tool to remove the mattress from the cell door. Prisoner Nunn made no attempt to comply with my reasonable order to remove his mattress from his cell door.

(ECF No. 1-2 at PageID.11). The requested mattress restriction was approved, and because plaintiff's behavior did not improve, the restriction was extended three times. (ECF No. 33-3 at PageID.160).

It is undisputed that plaintiff filed two grievances during the period at issue. On March 8, 2016, ICF's grievance coordinator received two grievances from plaintiff and assigned them Grievance No. ICF-16-03-0328-27z and Grievance No. ICF 16-03-0329-22z.

In Grievance No. ICF-16-03-0328-27z, plaintiff complained that Sergeant Frandrick had wrongfully placed him on mattress restriction and that the absence of a proper bedding pad constituted cruel and unusual punishment. (ECF No. 33-3 at PageID.158). On March 8, 2016, plaintiff's grievance was rejected at Step I. (*Id.* at PageID.161).

In Grievance No. ICF-16-03-0329-22z, plaintiff complained that the toilet in his cell was broken and that he had not been provide with proper cleaning material for sanitizing his cell. (ECF No. 33-4 at PageID.163). The time for a Step I response was extended to allow for an investigation of plaintiff's complaints. (*Id.* at PageID.167). The investigation revealed that plaintiff's complaints were unfounded. The toilet in his cell was working and plaintiff's cell had been cleaned on a regular basis. (*Id.* at PageID.164-67). Plaintiff signed his complaint on March 21, 2016. (ECF No. 1 at PageID.6). The Step I grievance response is dated March 22, 2016. It was provided to plaintiff on March 23, 2016. (*Id.* at PageID.163). Plaintiff filed this lawsuit on March 24, 2016. (ECF No. 1).

**Discussion**

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them, as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220.

I find that plaintiff did not properly exhaust his claims against defendants before filing this lawsuit. There is no evidence that plaintiff pursued either of his grievances through a Step III decision before he filed his complaint. At the summary judgment stage of proceedings, plaintiff could not rest on the mere allegations of his pleading. He was required to come forward with evidence that the MDOC's grievance appeal process was not an available administrative remedy.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendant's motion for summary judgement (ECF No 32) be granted and that judgment be entered dismissing plaintiff's claims against defendants without prejudice.

Dated: November 5, 2017        /s/   Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge

**NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D.

MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).