UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO WILLIAM NUNN, #439447, )
      Plaintiff, )
              )  No. 1:16-cv-303
-v- )
              )  Honorable Paul L. Maloney
RONALD FRANDRICK, et al. )
      Defendants. )
              )

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Nunn is a prisoner under the control of the Michigan Department of Corrections. He filed a lawsuit under 42 U.S.C. § 1983, alleging violations of his constitutional rights. Several of the claims have already been dismissed. Defendants filed a motion for summary judgment, alleging that Plaintiff failed to exhaust his administrative remedies and requesting dismissal of the remaining claims. The magistrate judge reviewed the motion and issued a report recommending the motion be granted.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Objections were due on November 19, 2017. Plaintiff timely sent a letter to the Court mentioning the R&R.[1] (ECF No. 42.) In the letter, he states he sent a letter to the grievance coordinator "base[d] on a step 2 grievance form." (PageID.197.) Plaintiff then filed a motion for extension of time to file objections.[2] (ECF No. 40.) That motion was granted. (ECF No. 44.) Plaintiff filed objections. (ECF No. 45.)

The magistrate judge concluded Plaintiff failed to exhaust his administrative grievances. The R&R identifies two grievances. Step 1 of the 0328 grievance was denied on March 8, 2016. Step 1 of the 0329 grievance was denied on March 22. The lawsuit was filed on March 24, 2016.

Plaintiff objects to the recommendation that the complaint be dismissed, reasoning that he must exhaust only those remedies that are available. *See Ross v. Blake*, 136 S.Ct. 1850, 1855 (2016). Plaintiff asserts that his Step 1 grievance as rejected on July 21, 2016, and that he wrote multiple kites the grievance coordinator seeking a Step 2 form, but one has not been provided. As evidence, Plaintiff attaches an affidavit. (PageID.207.) Plaintiff concludes that he has exhausted the available remedies.

Plaintiff's objection is OVERRULED. Plaintiff concedes that his administrative remedies have not been exhausted. A prisoner must exhaust grievance procedures *prior* to filing the lawsuit. *Williams v. Norton*, 23 F. App'x 396, 397 (6th Cir. 2001). A prisoner may not exhaust the grievance procedure during the pendency of the lawsuit. *Harbin-Bey v.*

---

[1] The postal stamp on the envelope indicates the letter was mailed on November 13. (PageID.198.)

[2] The postal stamp on the envelope indicated the motion was mailed on November 14. (PageID.194.)

*Rutter*, 420 F.3d 571, 580 (6th Cir. 2005). When a prisoner files his or her federal lawsuit before the completion of the grievance process, the complaint must be dismissed. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

The evidence in the record contradicts most of the assertions in the affidavit attached to Plaintiff's objections. Plaintiff filed this lawsuit on March 24, 2016, approximately two weeks after one of his grievances was denied and a few days after the other grievance was denied.[3] Plaintiff could not have sent multiple kites to the grievance coordinator requesting a step 2 form during that limited time. In the letter Plaintiff sent to the Court in November 2017, Plaintiff states that he "was just inform[ed] that [he] still can go to step 2 even though my step one was rejected." (PageID.197.) If he was recently made aware of a step 2 appeal, then Plaintiff would not have been sending multiple kites requesting a step 2 form to the grievance coordinator more than one year earlier. Furthermore, Plaintiff's assertion that his grievance was rejected in July 2016 is contradicted by the record. And, Plaintiff's assertion makes little sense in the context of this lawsuit. To accept Plaintiff's statement, that his grievance was not denied until July, would mean that Plaintiff filed this lawsuit months *before* his grievance was rejected.

---

[3] The postal stamp on the envelope containing the complaint indicates it was mailed on March 22, 2016. (PageID.7.)

For these reason, the Report and Recommendation (ECF No. 39) is **ADOPTED** as the Opinion of this Court. Defendants' motion for summary judgment (ECF No. 32) is **GRANTED.** Plaintiff's claims are dismissed without prejudice.

Furthermore, the Court **DENIES** a certificate of appealability. This point of law is well-settled and reasonable jurists would not disagree without the manner in which Defendants' motion was resolved. **IT IS SO ORDERED.**

Date: December 19, 2017  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge